# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# ASHEVILLE DIVISION
## Civil Case No. 1:12-cv-00359-MR

| | |
|---|---|
| MICHAEL CHAD DEATON, )<br>)<br>Petitioner, )<br>)<br>vs. )<br>)<br>CARLTON JOYNER, )<br>)<br>Respondent. )<br>) | **MEMORANDUM OF**<br>**DECISION AND ORDER** |

**THIS MATTER** comes before the Court on consideration of the petition for habeas corpus which Petitioner filed, by and through counsel, pursuant to 28 U.S.C. § 2254 [Doc. 1]. For the reasons that follow, the Court finds that no answer is required from the Respondent and that Petitioner's § 2254 petition should be denied and dismissed.

**I. BACKGROUND**

Petitioner was indicted by a Cleveland County Grand Jury for malicious conduct by a prisoner, communicating threats, driving while impaired, injury to personal property, exceeding a safe speed, and with having attained the status of a habitual felon. Petitioner appeared with counsel and was tried in Cleveland County Superior Court in April 2010. The jury returned verdicts of guilty on the charge of malicious conduct by a

prisoner, communicating threats, and driving while impaired and further found that he had attained the status of being a habitual felon.[1] According to the State Judgment, Petitioner was sentenced to a term of 80 to 105 months' imprisonment and he filed a timely appeal to the North Carolina Court of Appeals.[2]

The court of appeals summarized the evidence at trial:

> At trial, the State's evidence tended to show that on 15 January 2009, a trooper with the North Carolina State Highway Patrol was called to a single vehicle accident. Upon arriving at the scene, he noticed that a red Chevrolet Camaro had struck a tree. The front end of the vehicle was extensively damaged. The trooper determined that defendant had been the driver of the Camaro, and attempted to ask him some questions. He testified that defendant was belligerent, hostile, and unsteady on his feet, had mumbled speech, and seemed confused about where he was going. Defendant informed the trooper that he was taking Valium, hydrocodone, and methadone. Defendant was uncooperative with sobriety tests and refused treatment by EMS. Defendant was placed under arrest and placed in the back of a vehicle of a patrol officer with the Cleveland County Sheriff's Department. As the trooper traveled behind defendant while defendant

---

[1] The trial court dismissed the charges of injury to personal property and exceeding a safe speed on the defendant's motion.

[2] The Court takes judicial notice of the record on appeal that was filed in connection with Petitioner's state appeal and it can been accessed at the court of appeals electronic filing site. See Philips v. Pitt County Mem. Hosp., 572 F.3d 176, 180 (4th Cir. 2009) (citing Hall v. Virginia, 385 F.3d 421, 424 (4th Cir. 2004)). See also [1:12-cv-00359-MR, Doc. 1: Petition for Writ of Habeas Corpus at 2 (noting 80 to 105 months imprisonment)].

>was being transported, the trooper saw defendant's feet beat the ceiling of the vehicle and the plexiglass separating the driver's side seat from the back seat of the vehicle. The officer transporting defendant stopped the vehicle and he and the trooper placed defendant in a "rip hobble," which secured defendant's feet together. Defendant was irate and cussed and threatened the officer and the trooper. After he was back in the vehicle, defendant got close to the passenger side, which was separated from the front passenger seat by a cage, and began spitting. Spit landed on the side of the officer's face, in his eye and in his ear, and ran down the inside collar of his shirt. The officer stopped the vehicle a second time. A sergeant was called to the scene and defendant was placed in a "spit hood." After he was back in the vehicle, defendant continued to cuss and threaten the officer. A short while later, a search warrant was obtained for defendant's blood and, following testing, it was determined that his blood contained "THCA metabolite, TCH, cocaine, benzoylecgonine metabolite of cocaine, diazepam, mordiazepam[,] ... diphenhydramine[,] and ... an opiate that would be hydrocodone[,]" although it could not be conclusively identified.

State v. Deaton, No. 10-1079, 713 S.E.2d 250, 2011 WL 1900723, at *1 (N.C. Ct. App. 2011) (unpublished table decision).

On appeal, as is pertinent to this habeas proceeding, Petitioner argued that the trial court erred in declining to dismiss the habitual felon charge. Petitioner contended that punishment under North Carolina's Habitual Felon Act violated his Eighth Amendment rights because his sentence was "grossly disproportionate to the crime." Id. at *3. He further

3

argued that the "H" and "I" felony classifications would not have qualified as felonies when the Habitual Felon Act was passed and that his mental health issues -- panic attacks, agoraphobia, and bi-polar disorder -- should have supported a more lenient sentence. Id.

The Court of Appeals rejected Petitioner's Eighth Amendment claim as meritless and noted that North Carolina's habitual felon statute had been upheld as constitutional. Id. (citing State v. Todd, 326 S.E.2d 249, 253 (N.C. 1985)). The Court then observed that the Supreme Court of the United States had rejected Eighth Amendment challenges to sentences that were far in excess of the sentence Petitioner is presently serving. Id., at *4 (citing Graham v. Florida, 560 U.S. 48 (2010) and Ewing v. California, 538 U.S. 1 (2003)). All of Petitioner's claims on appeal were denied and his judgment affirmed in all respects, and the Supreme Court of North Carolina denied his petition for discretionary review to consider his Eighth Amendment claim. State v. Deaton, 717 S.E.2d 390 (N.C. Aug. 25, 2011).

## II. STANDARD OF REVIEW

Rule 4 of the Rules Governing Section 2254 Cases provides that the Court must dismiss a § 2254 petition if it plainly appears that the petitioner is not entitled to any relief from his state judgment. The Court has considered the record in this matter and applicable authority and concludes

that this matter can be resolved without an evidentiary hearing. See Raines v. United States, 423 F.2d 526, 529 (4th Cir. 1970).

In addition to this standard, the Antiterrorism and Effective Death Penalty Act (AEDPA), as amended in 1996, provides in relevant part that:

> (d)  An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim—
>
> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d).

### III. DISCUSSION

In this habeas proceeding, Petitioner renews his argument that his sentence of 80 to 105 months is grossly disproportional and in violation of his Eighth Amendment right to be free from cruel and unusual punishment. [Doc. 3: Petitioner's Memorandum at 3]. Citing the Supreme Court's opinion in Graham v. Florida, Petitioner "contends that the law is now clearly established by the United States Supreme Court with respect to the

5

contours of Eighth Amendment jurisprudence." [Id.]. Petitioner's reliance on Graham is misplaced.

"The Eighth Amendment's protection against excessive or cruel and unusual punishments flows from the basic 'precept of justice that punishment for [a] crime should be graduated and proportioned to [the] offense.'" United States v. Umana, ___ F.3d ___, 2014 WL 1613888 (4th Cir. Apr. 23, 2014) (quoting Kennedy v. Louisiana, 544 U.S. 407, 419 (2008) (alternations in original) (quoting Weems v. United States, 217 U.S. 349, 367 (1910)). In Graham, the Court held that imposing a life sentence, without the possibility of parole, on a juvenile offender who committed a non-homicide offense violated the Eighth Amendment's prohibition on cruel and unusual punishment. The Court reasoned that a juvenile must have the opportunity to demonstrate his entitlement to release. "The Constitution prohibits the imposition of a life without parole sentence on a juvenile offender who did not commit homicide. A State need not guarantee the offender eventual release, but if it imposes a sentence of life it must provide him or her with some realistic opportunity to obtain release before the end of that term." Graham, 560 U.S. at 82.

The Graham Court also examined several of its Eighth Amendment precedents which upheld sentences far in excess of Petitioner's sentence.

6

See Graham, 560 U.S. at 59-60 (citing Harmelin v. Michigan, 501 U.S. 957 (1991) (upholding life without parole for possession of a large amount of cocaine); Ewing v. California, 538 U.S. 11 (2003) (upholding a sentence of 25 years to life for conviction of stealing a few golf clubs); Lockyer v. Andrade, 538 U.S. 63 (2003) (upholding life sentence following petitioner's third-strike conviction for two counts of petty theft); Rummel v. Estelle, 445 U.S. 263 (1980) (rejecting constitutional challenge to a sentence of life with the possibility of parole following petitioner's conviction for a third, nonviolent felony).

Petitioner raised the substance of his Eighth Amendment claim on direct appeal and the North Carolina Court of Appeals rejected the claim on the merits and the North Carolina Supreme Court denied further review. A claim is considered "adjudicated on the merits" when it is "substantively reviewed and finally determined as evidenced by the state court's issuance of a formal judgment or decree . . ." Young v. Catoe, 205 F.3d 750, 755 n.2 (4th Cir. 2000) (quoting Thomas v. Davis, 192 F.3d 445, 455 (4th Cir. 1999)) (internal citation omitted). If the claim has been adjudicated on the merits, the district court must turn to the standards provided for under § 2254(d) to determine whether a petitioner may be entitled to habeas relief. Thomas, supra.

7

According to the state record on appeal, Petitioner's date of birth is December 31, 1976, and the offenses were committed in January 2009. Therefore, Petitioner was 33 years old at the time the offenses were committed. Petitioner's offense conduct following his arrest was egregious. He was belligerent and hostile. He spit in the face of one of the arresting officers and had to been placed in a "spit hood." See Deaton, 2011 WL 1900723, at *1. Petitioner's criminal record -- which supported his habitual felon charge and is contained in the state record on appeal -- was lengthy. Among other convictions, Petitioner's criminal history includes a felony conviction for breaking or entering in 1998 and another in 2000, several assault convictions, and convictions for criminal contempt and assault with a deadly weapon.

Petitioner has failed to show that the state court's adjudication of his Eighth Amendment claim was contrary to "clearly established Federal law, as determined by the Supreme Court of the United States;" id. § 2254(d)(1), or that the state decision depended "on an unreasonable determination of the facts." Id. § 2254(d)(2). It is undisputed that Petitioner was over thirty years of age at the offenses and had already amassed an extensive criminal record, including serious felonies and acts of violence. He was sentenced to a term that is far less than life imprisonment. Neither

Graham nor any other Supreme Court precedent supports granting relief. It must be noted that in order for Petitioner to be entitled to relief pursuant to section 2254 he must show that the State Court *unreasonably* applied Supreme Court precedent. Herein Petitioner fails to show that the North Carolina Court of Appeals even incorrectly applied the existing Supreme Court precedents, much less that any such application was unreasonable. Accordingly, Petitioner's habeas petition will be denied and dismissed.

Finally, pursuant to Rule 11(a) of the Rules Governing Section 2254 Cases, the Court declines to issue a certificate of appealability as Petitioner has not made a substantial showing of a denial of a constitutional right. 28 U.S.C. § 2253(c)(2); Miller-El v. Cockrell, 537 U.S. 322, 336-38 (2003) (in order to satisfy § 2253(c), a petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong); Slack v. McDaniel, 529 U.S. 473, 484 (2000) (holding that when relief is denied on procedural grounds, a petitioner must establish both that the correctness of the dispositive procedural ruling is debatable, and that the petition states a debatably valid claim of the denial of a constitutional right).

## **ORDER**

**IT IS, THEREFORE, ORDERED** that Petitioner's § 2254 petition [Doc. 1] is **DISMISSED** with prejudice.

**IT IS FURTHER ORDERED** that the Court declines to issue a certificate of appealability.

The Clerk of Court is directed to close this civil case.

**IT IS SO ORDERED.** Signed: May 21, 2014

Martin Reidinger
United States District Judge